Findings may be submitted.

---

OXYPATHOR CO. v. DE CORDERO et al.

(Supreme Court, Appellate Division, Fourth Department. October 21, 1914.)

INJUNCTION (§ 56*)—USE OR DISCLOSURE OF TRADE SECRETS—SCOPE OF INJUNCTION.

> Where a person employed by plaintiff to establish a system of card indices containing the names and addresses of plaintiff's agents, with other information obtained from contracts and letters in plaintiff's files, took with him a copy of such indices, he and those associated with him were properly enjoined from using it in any business competing with that of plaintiff, or so using or communicating to any person any information obtained therefrom, or from such contracts or letters, and from persuading plaintiff's agents to break their contracts with plaintiff; but where the only specific information or trade secrets acquired by such person appeared in the card index system, contracts, and letters, it was error to enjoin them in general terms from making use of confidential information or trade secrets, without specifying the information or secrets.

> [Ed. Note.—For other cases, see Injunction, Cent. Dig. § 110; Dec. Dig. § 56.*]

Appeal from Judgment on Report of Referee.

Action by the Oxypathor Company against Conrado De Cordero and others. From a judgment on the report of a referee in favor of plaintiff against the defendants other than Estabrooks, they appeal. Modified.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

149 N.Y.S.—33

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

A. W. Lytle, of Buffalo, for appellants.

Ray M. Stanley, of Buffalo, for respondent.

PER CURIAM. No case having been made, the appeal must be determined upon the judgment roll. Appellants are enjoined in general terms from making any use whatever of the confidential information or trade secrets acquired by them by reason of the confidential nature of their employment. While there is a general finding to that effect, the only confidential information or trade secrets specified are the names of the respondent's agents and subagents, contracts of such agents, the volume of business done, the territory, and the information contained in the card indices made by De Cordero from such contracts and letters in the respondent's letter files.

It appears that the appellant De Cordero established for respondent a card index system. These indices, as made up by him in duplicate, contained the names and addresses, with other information, obtained from the contracts and letters in respondent's letter files. Appellant Cordero took from the office of respondent one of these copies.

We think the appealing defendants should be restrained from using, in any business competing with that of the respondent, this card index so removed by appellant, De Cordero, or from so using or communicating to any other person any information obtained therefrom or obtained from the contracts or letters, and that they should also be restrained from persuading respondent's agents to break their contracts with it, as is provided in the judgment. So far as disclosed by the findings of the referee, the only specific information or trade secrets acquired by the defendants appear in the card index system and contracts and letters in respondent's files, and for that reason the provision in general terms restraining the appellants from making use of the confidential information or trade secrets, without specifying the same, was improper.

The judgment should be modified accordingly, and, as so modified, including the judgment for costs and a dismissal of the plaintiff's complaint as to Charles H. Estabrooks, with costs, should be affirmed, without costs of this appeal to either party.